

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 15, 1963

Hon. Harrell Moore
County Attorney
Midland County
Midland, Texas

Opinion No. C-18

Re: Whether the County Clerk of Midland County should charge as part of the costs in a probate case the commission provided for in Article 3926 of Vernon's Civil Statutes.

Dear Mr. Moore:

You have requested the opinion of this office as to whether the County Clerk of Midland County should charge as a part of the costs in a probate case the commission provided for in Section 1 of Article 3926 of Vernon's Civil Statutes.

Section 1 of Article 3926 of Vernon's Civil Statutes provides as follows:

"The county judge shall also receive the following fees:

"1. A commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any amount received by any such executor, administrator or guardian."

Section 16 of the Probate Code reads as follows:

"The county clerk shall keep a record book styled 'Probate Fee Book,' and shall enter therein each item of costs which accrues to the officers of the court, together with witness fees, if any, showing the party to whom the costs or fees are due, the date of the accrual of the same, the estate or party liable therefor, and the date on which any such costs or fees are paid."

Since Midland County has a population of 67,717 inhabitants according to the last preceding Federal Census, the

provisions of Section 61 of Article XVI of the Texas Constitution, and Section 1 of Article 3912e of Vernon's Civil Statutes, make it mandatory that all the county officials in that county be compensated on a salary basis.  In this connection, we invite your attention to the pertinent part of Section 61 of Article XVI of the Texas Constitution, which provides as follows:

> "All district officers in the State of Texas and all county officers in counties having a population of twenty thousand (20,000) or more, according to the then last preceding Federal Census, shall be compensated on a salary basis. . . . and in counties having a population of less than twenty thousand (20,000), according to the then last preceding Federal Census, the Commissioners Courts shall also have the authority to determine whether county officers shall be compensated on a fee basis or on a salary basis, with the exception that it shall be mandatory upon the Commissioners Courts to compensate all sheriffs, deputy sheriffs, county law enforcement officers including sheriffs who also perform the duties of assessor and collector of taxes, and their deputies, on a salary basis beginning January 1, 1949.

> "All fees earned by district, county, and precinct officers shall be paid into the county treasury where earned for the account of the proper fund, provided that fees incurred by the State, county and any municipality, or in case where a pauper's oath is filed, shall be paid into the county treasury when collected and provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners Court may direct. . . ."

Section 1 of Article 3912e of Vernon's Civil Statutes provides in part as follows:

> "No district officer shall be paid by the State of Texas any fees or commissions for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; . . . provided further, that the provisions of this Section shall not affect

the payment of costs in civil cases or eminent domain proceedings by the State, but all such costs so paid shall be accounted for by the officers collecting the same, as they are required under the provisions of this Act, to account for fees, commissions and costs collected from private parties; provided further, that the provisions of this Section shall not affect the payment of fees and commissions by the State or County for services rendered by County Officers in connection with the acquisition of rights of way for public roads or highways, and provided that such fees and commissions shall be deposited into the Officers' Salary Fund of the County by the County Officer collecting such fee."

Article 3926 of Vernon's Civil Statutes provides that the County Judge shall receive a commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian. Attorney General's Opinion WW-1076 (1961). Since Section 61 of Article XVI of the Texas Constitution, and Section 1 of Article 3912e of Vernon's Civil Statutes make it mandatory that the County Judge of Midland County be compensated on a salary basis, it is mandatory that the County Judge collect the commission provided for in Article 3926 but, at the same time, Section 61 of Article XVI, and Section 1 of Article 3912e make it mandatory that the County Judge place such fees with the County Treasurer to be deposited in the Officers' Salary Fund of the county.

Section 1 of Article 3912e prohibits the County Judge of Midland County from collecting fees or commissions from the county and the State of Texas, but at the same time there is nothing in this Article or any subsequent Article that would repeal Article 3926 insofar as it requires the County Judge of Midland County to collect a commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian but, as above pointed out, Section 61 of Article XVI of the Texas Constitution, and Section 1 of Article 3912e make it mandatory that the Judge deliver these fees to the County Treasurer to be deposited in the Officers' Salary Fund.

Under your specific fact situation the County Clerk of Midland County will continue to record the commission upon the actual cash receipts allowed under Section 1 of Article 3926 of Vernon's Civil Statutes, and after the fees are collected by the County Judge of Midland County they should be paid into the County Treasury for deposit to the Officers' Salary Fund.

Since Section 61 of Article XVI of the Texas Constitution makes it mandatory that all county officials in counties of 20.000 inhabitants or more be compensated on a salary basis, the principles of law announced in this opinion are applicable to all counties in the State of Texas having a population of 20,000 inhabitants or more, and also applicable to all counties of under 20,000 inhabitants where the Commissioners Courts have elected to compensate all the county officials on a salary basis pursuant to the provisions of Section 61 of Article XVI of the Texas Constitution.

## SUMMARY

The County Judge of Midland County is entitled to receive a commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian as provided in Section 1 of Article 3926 of Vernon's Civil Statutes, and Section 16 of the Probate Code makes it mandatory that the County Clerk record said commissions as a part of the costs, and when said commissions are collected they should be paid into the County Treasury and deposited into the Officers' Salary Fund.

The principles of law announced in this opinion are applicable to all counties in the State of Texas having a population of 20,000 inhabitants or more, and to those counties of less than 20,000 where the Commissioners Court has elected to compensate all the county officers on a salary basis. Section 61, Art. XVI, Tex. Const.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By ~~Bill Morse~~

Bill Morse, Jr.
Assistant

BM:wb
APPROVED
OPINION COMMITTEE
W. V. Geppert, Chairman
Brady Coleman
Ernest Fortenberry
J. C. Bracewell
Paul Phy
APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone